IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03004-BNB

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

MARY HOLDRIDGE, Correctional Officer,
STEVE BROWN (Senior), Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN (Junior), Warden,
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer,
ELLEN HAARMANN, Correctional Counselor,
ANTHONY A. DeCESARO, Grievance Officer,
BARRY SLOAN, Head Warden #773126,
COLORADO DEPARTMENT OF CORRECTIONS, and
CCA,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Antwan Ocie Gatlin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief.

    The Court must construe Mr. Gatlin's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gatlin will be directed to file an amended complaint.

Mr. Gatlin asserts three claims for relief. As his first claim, he alleges that the staff placed him in a cell with another inmate with whom he had experienced previous conflicts. He alleges that on December 16, 2009, he was involved in an altercation in his cell with that inmate but that staff refused to respond to his requests for help. He also asserts that when Defendant Steve Brown Junior finally arrived at his cell, Defendant Brown brutally assaulted him needlessly and without cause. Mr. Gatlin alleges that Defendant Jaramillo witnessed and videotaped the assault but did not help him. In his second claim, Mr. Gatlin again discusses the alleged assault that occurred on December 16, 2009, and further alleges that Defendant Chad Penner participated in the assault by kicking him while he was restrained. Third, Mr. Gatlin alleges that he was retaliated against on the basis of his religion by various defendants and that he had several false disciplinary reports filed against him. As relief, Mr. Gatlin seeks damages.

The Court finds that Mr. Gatlin's complaint, which is seventeen pages and single-spaced, is confusing and repetitive. As a result, Mr. Gatlin's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed

to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Mr. Gatlin fails to set forth a short and plain statement of his claims showing he is entitled to relief because his claims are verbose and repetitive. It is Mr. Gatlin's job to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Gatlin must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In addition, Mr. Gatlin may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, the Colorado Department of Corrections is not a proper party to this action.

Finally, in the amended complaint he will be directed to file, Mr. Gatlin must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gatlin must name and show how named defendants caused a deprivation of his federal rights.


*See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Sloan or Warden Zupan, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Gatlin may use fictitious names, such as "John or Jane Doe," if he does not know the Gatlinl names of the individuals who allegedly violated his rights. However, if Mr. Gatlin uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Gatlin, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, names only proper parties to the action, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Antwan Ocie Gatlin, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Gatlin shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Gatlin fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.  It is

DATED January 4, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge