IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03004-BNB

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

MARY HOLDRIDGE, Correctional Officer,
STEVE BROWN (Senior), Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN (Junior), Warden,
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer,
ELLEN HAARMANN, Correctional Counselor,
ANTHONY A. DeCESARO, Grievance Officer,
BARRY SLOAN, Head Warden #773126, and
JOHN DOE INSPECTOR GENERAL,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Antwan Ocie Gatlin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado.  Mr. Gatlin initiated this action by filing a *pro se* prisoner complaint. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    On January 4, 2012, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it named improper parties and because it

failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Gatlin to file an amended prisoner complaint within thirty days. After receiving two extensions of time, Mr. Gatlin submitted an amended complaint on February 10, 2012.

The Court must construe the amended complaint liberally because Mr. Gatlin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Gatlin is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Gatlin asserts two claims in the amended complaint. First, Mr. Gatlin alleges that Defendants Paul Dose, Ellen Haarmann, Steve Brown Sr., and Jack Chapman retaliated against him because Mr. Gatlin is a practicing Christian. Mr. Gatlin asserts that the named Defendants placed him in punitive segregation, issued false disciplinary

reports, and violated his constitutional rights during disciplinary hearings in retaliation for exercise of his religion. Mr. Gatlin asserts that this treatment violated his First and Fourteenth Amendment rights. Second, Mr. Gatlin asserts that the named Defendants deliberately housed him with an unstable inmate. Mr. Gatlin asserts that the inmate attacked him on December 16, 2009, and the named Defendants failed to respond to his requests for help within a reasonable time. He further asserts that once correctional officers responded to his cell, Defendants Steve Brown Jr. and Chad Penner used excessive force to restrain Mr. Gatlin, even though he provided no resistance. Mr. Gatlin asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated. As relief, he seeks damages in addition to injunctive and declaratory relief.

However, the Court notes that Mr. Gatlin is suing Defendants Barry Sloan and John Doe Inspector General because these Defendants allegedly are responsible for the constitutional violations committed by other individuals or because these Defendants hold supervisory positions. These allegations fail to establish the personal participation of Defendants Barry Sloan and John Doe Inspector General. Mr. Gatlin was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of *respondeat superior*. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th

Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The Court also notes that Mr. Gatlin is suing Defendants Barry Sloan and Anthony DeCesaro because they allegedly denied, or failed to act on, administrative grievances filed by Mr. Gatlin. *See* Amended Complaint at 9-10. However, these allegations again fail to establish the personal participation of Defendants Barry Sloan and Anthony DeCesaro. The Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Gatlin has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Gatlin fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Anthony DeCesaro, Barry Sloan and John Doe Inspector General are improper parties to the action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Gatlin's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Anthony DeCesaro, Barry Sloan and John Doe Inspector General are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  15th  day of   February   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court