IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03004-WJM-KLM

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

MARY HOLDRIDGE, Correctional Officer.
STEVE BROWN, SR., Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN, JR., Assistant Warden.
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer, and
ELLEN HAARMANN, Correctional Counselor,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** issued by the Court on August 30, 2012 [#55]. In the Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against Defendant Mary Holdridge ("Holdridge") be dismissed pursuant to Fed. R. Civ. P. 4(m).[1] In that Order, Plaintiff was directed to either file proof of service, respond and show good cause for his failure to properly serve Defendant Holdridge, or to provide a current address for Defendant

---

[1] On June 18, 2012, Plaintiff filed a Summons returned unexecuted as to Defendant Holdridge with a notation that she "no longer lives at above address." *Summons* [#36]. No forwarding address was provided.

Holdridge.

Plaintiff responded to the Order to Show Cause on September 12, 2012. *See Response* [#56]. Plaintiff, who is incarcerated, first argued that he had only four days to respond to the Order to Show Cause by the time he received it at his facility. *Id.* at 1. However, he did not argue that he would be able to provide a contact address for Defendant Holdridge if given more time and has not since supplemented his Response as of the date of this Recommendation.

Second, Plaintiff argues that he is proceeding *in forma pauperis* and has done everything he can to comply with the Court's rules for service. *Id.* He argues that he is not permitted to possess contact information for any DOC employee, contract worker, or volunteer and that Defendant Holdridge should have been served at Bent County Correctional Facility along with the other named Defendants. *Id.*

By a Certificate of Service dated February 17, 2012 [#18], the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on all Defendants in the above-captioned matter. On May 18, 2012, Defendants Steve Brown, Sr., Jessica Jaramillo, Steve Brown, Jr., Chris Durga, Larry Cox, Jack Chapman, and Ellen Haarmann filed a Notice [#29] providing the Office of the Clerk of the Court with the last known address of Defendant Holdridge, stating that she no longer worked at Bent County Correctional Facility. By Certificate of Service dated May 18, 2012 [#30], the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on Defendant Holdridge and two other Defendants in this matter. On June 18, 2012, the Summons was returned unexecuted as to Defendant Holdridge with a notation that she no longer lived at the address. *Summons* [#36]. No forwarding address was provided.

Neither the address at the Bent County Correctional Facility nor the latest known address provided by the Facility is sufficient to effect service on Defendant Holdridge. Despite having ample time to provide additional information about Defendant Holdridge's whereabouts after the second Summons was returned unexecuted, Plaintiff has not provided any information that the Court can use to effect service on this Defendant. While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Amended Complaint for plaintiffs proceeding *in forma pauperis* [#3], Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).

Plaintiff filed a Complaint [#1] on November 17, 2011 and filed an Amended Complaint [#13] on February 10, 2012. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Holdridge has now expired. Plaintiff has not provided sufficient information to enable the Marshal to serve Defendant Holdridge, despite two unsuccessful attempts to do so. Moreover, despite the fact that Plaintiff responded to the Order to Show Cause, his response was deficient. At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant Holdridge.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against Defendant Holdridge has been pending since February 10, 2012. Plaintiff failed to effect service of Defendant Holdridge within one-hundred twenty days of her inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future.

Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendant. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008) (unpublished decision). Regardless of Plaintiff's desire to keep Defendant Holdridge in the case and have her respond to the claims asserted against her, neither can be accomplished without service. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#55] is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendant Holdridge. Therefore,

The Court respectfully **RECOMMENDS** that Defendant Holdridge be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 25, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge