IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03004-WJM-KLM

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

MARY HOLDRIDGE, Correctional Officer.
STEVE BROWN, SR., Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN, JR., Assistant Warden.
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer, and
ELLEN HAARMANN, Correctional Counselor,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 24; Filed April 17, 2012], filed by Defendants Steve Brown, Sr., Jessica Jaramillo, Steve Brown, Jr., Chris Durga, Larry Cox, Jack Chapman and Ellen Haarmann and on the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 38; Filed July 5, 2012] (collectively, the "Motions"), filed by Defendants Chad Penner and Paul Dose. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions have been referred to this Court for a recommendation regarding disposition.

    Defendants bring the Motions pursuant to Fed. R. Civ. P. 12(b)(6). [#24] at 1; [#38]

at 1. In the Motions, Defendants make several arguments, including that Plaintiff has failed to properly exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). [#24] at 6-8; [#38] at 6-8. In support of their assertion that Plaintiff failed to exhaust, Defendants include as an exhibit a copy of the Colorado Department of Corrections Administrative Regulation governing grievance procedures. *See* [#24-1]. Plaintiff has filed copies of his grievances and other internal prison documents relating to his confinement. *See* [#13] at 13-22; [#47-1].

"[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).[1] "The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (citations omitted).

Alleged failure to exhaust administrative remedies does not qualify as a pleading deficiency pursuant to Rule 12(b)(6), *Torres v. O'Neal*, No. 10-cv-00236-PAB-KLM, 2011 WL 782724, at *1 n.1 (D. Colo. Jan. 14, 2011), particularly where, as here, the Plaintiff indicated in his Amended Complaint that he exhausted available administrative remedies.[2]

---

[1] Defendants cite to *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1208 (10th Cir. 2003) for the proposition that the PLRA requires Plaintiff to attach his grievances to his complaint. *See, e.g.*, [#37] at 5; [#38] at 7. However, this ruling by the Tenth Circuit Court of Appeals was explicitly abrogated by the United States Supreme Court in *Jones v. Bock*, 549 U.S. at 214-15.

[2] In application of *Jones*, the Tenth Circuit has noted that it must be clear from the face of the complaint that an inmate failed to exhaust available administrative remedies before the district

*See* [#13] at 11. Thus, Rule 12(b)(6) does not support Defendants' argument that Plaintiff failed to exhaust. It is apparent (for these reasons, and by the inclusion of extra-record evidence by Defendants with their Motion) that Defendants should have filed a motion for summary judgment as to the exhaustion issue.[3]

The Court may not consider documents or other evidence outside of Plaintiff's Amended Complaint in deciding Defendants' Motions filed pursuant to Rule 12(b)(6) without converting them to a Rule 56 motion for summary judgment. *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) *rev'd on other grounds*. When the parties submit materials beyond the pleadings, the Court may *sua sponte* treat the motion to dismiss as a motion for summary judgment. *See Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987). *See also GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'"). Typically, the Court must provide the parties with notice that it intends to convert the Rule 12(b) motion into a Rule 56 motion to avoid unfair surprise. *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986). Here, the Court will convert Defendants' Motions into motions for summary judgment pursuant to Rule 56 *only* on the failure to exhaust

---

court may dismiss the claim for failure to exhaust. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

[3] It is not uncommon for defendants in Section 1983 actions asserting an exhaustion defense to file a combined motion to dismiss and motion for summary judgment. *E.g., Omar v. Maketa*, No. 10-cv-02975-WYD-MEH, 2011 WL 4485955 (D. Colo. Aug. 3, 2011); *Jones v. Timme*, No. 10-cv-00482-WYD-KMT, 2010 WL 3547888 (D. Colo. Sept. 3, 2010).

argument.[4]

Accordingly,

IT IS HEREBY **ORDERED** that, if they so choose, the parties shall submit additional evidence regarding the failure to exhaust argument as presented in the Motions [#24, #38] on or before **November 8, 2012**.

Dated: October 19, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[4] The Court will consider the remainder of Defendants' arguments presented in the Motions pursuant to Rule 12(b)(6), as initially requested.