**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. F1-cv-03004-WJM-KLM

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

MARY HOLDRIDGE, Correctional Officer.
STEVE BROWN, SR., Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN, JR., Assistant Warden.
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer, and
ELLEN HAARMANN, Correctional Counselor,

    Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART NOVEMBER 21, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, AND
ADOPTING SEPTEMBER 25, 2012 RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

---

This matter is before the Court on the November 21, 2012 Recommendation by U.S. Magistrate Judge Kristen L. Mix (ECF No. 66) that Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 24 & 38) be granted, and the September 25, 2012 Recommendation by Magistrate Judge Mix (ECF No. 60) that Defendant Mary Holdridge ("Holdridge") be dismissed without prejudice.

**I. LEGAL STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the November 25, 2012 Recommendation. (ECF No. 66 at 2-6.) Accordingly, the Court adopts and incorporates Section I of that Recommendation as if set forth herein. Briefly, Plaintiff is a *pro se* prisoner at the Trinidad Correctional Facility, previously incarcerated at all times relevant to this litigation at the Bent County Correctional Facility in Las Animas, Colorado. Defendants are current and former employees of the

Colorado Department of Corrections ("CDOC") or the Corrections Corporation of America ("CCA") at the Bent County Correctional Facility.  Plaintiff's Amended Complaint brings two claims against Defendants: (1) a First and Fourteenth Amendment claim relating to the imposition of discipline, including punitive segregation ("Claim One"); and (2) an Eighth Amendment claim relating to Defendants' alleged failure to protect Plaintiff from harm by other inmates ("Claim Two").  (Am. Compl. (ECF No. 13).)

On April 17, 2012, Defendants Steve Brown, Sr., Jessica Jaramillo, Steve Brown, Jr., Chris Durga, Larry Cox, Jack Chapman and Ellen Haarmann filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 24.)  On July 5, 2012, Defendants Chad Penner and Paul Dose filed a separate Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 38.)  Both motions argue that Plaintiffs' claims should be dismissed for failure to exhaust.

On October 19, 2012, Magistrate Judge Mix issued an Order converting Defendants' Motions to Dismiss into motions for summary judgment with respect to the issue of exhaustion and inviting submission of additional evidence from the parties regarding that issue.  (ECF No. 63.)  After receiving no additional evidence from the parties, on November 21, 2012, the Magistrate Judge entered a Recommendation to grant Defendants' Motions.  (ECF No. 66.)  On December 12, 2012, Plaintiff filed an Objection to the Recommendation on the basis that he did not receive the Magistrate Judge's order inviting additional evidence, and was unable to conduct discovery to rebut Defendants' exhaustion argument.  (ECF No. 68.)  Defendants filed a joint Response to Plaintiff's Objection on December 28, 2012.  (ECF No. 70.)  Plaintiff filed a

Reply to Defendants' Response on January 15, 2013.  (ECF No. 71.)

On August 30, 2012, Magistrate Judge Mix issued an Order to Show Cause why Defendant Holdridge should not be dismissed due to Plaintiff's failure to serve her with the Summons and Amended Complaint pursuant to Fed. R. Civ. P. 4(m).  (ECF No. 55.)  On September 12, Plaintiff filed a Response to the Order to Show Cause but provided no additional information that could be used to effect service on Defendant Holdridge.  (ECF No. 56.)  On September 25, 2012, the Magistrate Judge entered a Recommendation to dismiss Defendant Holdridge.  (ECF No. 60.)  On October 15, 2012 Plaintiff filed an Objection to the Magistrate Judge's September 25, 2012 Recommendation.  (ECF No. 62.)

### III.  ANALYSIS

The Court will address the Magistrate Judge's two Recommendations and Plaintiff's objections thereto, in turn, below.

**A.   November 21, 2012 Recommendation to Dismiss Plaintiff's Claims for Failure to Exhaust**

The Magistrate Judge's November 21, 2012 Recommendation contains the following findings and conclusions: (1) Plaintiff failed to exhaust the state court remedies provided for in Colo. R. Civ. P. 106(a)(4) with regard to Claim One, his First and Fourteenth Amendment claim (ECF No. 66 at 16); and (2) Plaintiff failed to exhaust the administrative remedies available to prisoners in the CDOC system with regard to Claim Two, his Eighth Amendment claim (*Id.* at 13-16).  Plaintiff objects to the second of these findings, but is silent as to the first.  (*See* ECF Nos. 68 & 71.)

As to the first finding, the Court agrees with the unobjected to findings in the Recommendation that Plaintiff has failed to exhaust state court remedies for his claims arising out of his placement in segregation or other COPD discipline.  Accordingly, the Court adopts the Recommendation that Defendants' Motions to Dismiss be granted with respect to Plaintiff's Claim One for failure to exhaust state court remedies.

As to the second finding, the Court has reviewed the Recommendation and finds that it is well-reasoned and thorough.  On the record before the Magistrate Judge, the Court agrees with the findings and conclusions made therein.  However, in his Objection, Plaintiff argues that he did not receive the Magistrate Judge's Order inviting the submission of additional evidence on the issue of exhaustion, and states that, had he received the Order, he would have moved for discovery in order to obtain evidence to prove exhaustion of administrative remedies.  (ECF No. 68 at 2.)  Because Plaintiff's argument was not raised until after the Recommendation was entered, it was not passed on by the Magistrate Judge.

Exhaustion of administrative remedies is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The United States Supreme Court has described this exhaustion requirement as "mandatory." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

The Colorado Department of Corrections established a grievance process for prisoners in CDOC Administrative Regulation 850-04 (ECF No. 24 Ex. A.), which require a prisoner to file Step 1, Step 2, and Step 3 grievances for each claim in order to exhaust available administrative remedies. The Magistrate Judge reviewed the grievances that Plaintiff submitted and found that Plaintiff had failed to present evidence of all three grievance steps to demonstrate exhaustion for Claim Two, his Eighth Amendment claim arising from the incidents of December 16, 2009 and February 9, 2010. (ECF No. 66 at 13-16.)

Plaintiff objects to this finding due to his inability to obtain discovery of the additional grievances he claims he submitted, preventing him from proving that he exhausted his administrative remedies.[1] Plaintiff states in his objection that he did not receive a copy of Magistrate Judge Mix's Order of October 19, 2012, and therefore that he had no notice that additional evidence had been invited and no opportunity to file a motion for discovery. (ECF No. 68 at 2.) Plaintiff's Objection makes reference to his July 17, 2012 Motion for Discovery and Extension Until Discovery is Answered (ECF No. 40), which was denied without prejudice as premature. (*See* ECF No. 42.)

Plaintiff essentially argues that because he did not receive notice of the Magistrate Judge's order converting the Defendants' Motions to Dismiss to motions for

---

[1] In his Reply to Defendants' Response to his Objection, Plaintiff also argues that "[a]ll 3 steps of BC 09/10-071 are submitted" (ECF No. 71 at 2), correctly referring to his having provided the Court with copies of three documents appearing to constitute an exhausted administrative process for grievance number BC 09/10-071. However, the factual basis for the grievance to which Plaintiff refers is related to Plaintiff's First and Fourteenth Amendment Claim concerning Defendant Dose, and therefore is subject to the state court exhaustion requirements discussed above.

summary judgment with respect to the exhaustion issue, he had no opportunity to make a second motion for discovery. (ECF Nos. 68 & 71.) The Court notes that, for reasons not apparent in the record, no scheduling conference has been held in this case and no scheduling order has been entered pursuant to Fed. R. Civ. P. 16(b). Without an opportunity for discovery, Plaintiff cannot respond effectively to a motion for summary judgment. The Court agrees that Plaintiff must be provided that opportunity, and therefore sustains Plaintiff's objections with regard to the issue of exhaustion of administrative remedies on Claim Two. The Court therefore rejects the Recommendation as it applies to Claim Two and denies the Motions to Dismiss in this regard.

**B.    September 25, 2012 Recommendation to Dismiss Defendant Holdridge**

The Magistrate Judge's September 25, 2012 Recommendation found that, after multiple attempts, Plaintiff failed to provide information sufficient to serve the Summons and Amended Complaint on Defendant Holdridge. Plaintiff's objection to these findings (ECF No. 62) states that he was unaware that Holdridge had not been served until he received notice of the August 30, 2012 Order to Show Cause (ECF No. 55), but provides no additional information allowing for proper service on Holdridge. As Plaintiff's objection neither indicates that Holdridge has been properly served, nor provides any information regarding how service can be effected in the future, the Court agrees with the September 25, 2012 Recommendation that Defendant Holdridge be dismissed without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections to the Magistrate Judge's November 21, 2012 Recommendation (ECF Nos. 68 & 71) are SUSTAINED;

2. The Magistrate Judge's November 21, 2012 Recommendation (ECF No. 66) is ADOPTED with respect to Plaintiff's First and Fourteenth Amendment claim (Claim One) and REJECTED with respect to Plaintiff's Eighth Amendment claim (Claim Two);

3. Defendants' Motions to Dismiss (ECF Nos. 24 & 38) are GRANTED with respect to Plaintiff's First and Fourteenth Amendment claim (Claim One) and DENIED with respect to Plaintiff's Eighth Amendment claim (Claim Two);

4. Plaintiff's First and Fourteenth Amendment claim (Claim One) is DISMISSED WITHOUT PREJUDICE for failure to exhaust;

5. The Magistrate Judge's September 25, 2012 Recommendation (ECF No. 60) is ADOPTED and Defendant Holdridge is DISMISSED WITHOUT PREJUDICE as a defendant; and

6. The Magistrate Judge shall promptly set this matter for a Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1, as this action remains pending as to Plaintiff's Eighth Amendment claim (Claim Two).

Dated this 17th day of January, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge