IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03004-WJM-KLM

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

STEVE BROWN, SR., Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN, JR., Assistant Warden.
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer, and
ELLEN HAARMANN, Correctional Counselor,

    Defendants.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Command to Produce Materials, Subpoena Duces Tecum Pursuant to F.R.C.P. 45 (c)(2) and (a)(1)(D) and 30(b)(2) to Produce Documents at Deposition** [#147] (the "Motion"). In the Motion, Plaintiff requests that the Court enter an Order permitting service of a subpoena pursuant to Fed. R. Civ. P. 45 on a non-party for production or inspection of documents allegedly relevant to the present litigation, i.e., grievances filed by Plaintiff relating to the issue of whether he exhausted his administrative remedies.

Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel production

or inspection of documents from non-parties. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. See Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own and must seek them from the Court. See *United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999). Although the Court may quash a subpoena after service, see Fed. R. Civ. P. 45(c), the Court apparently has no discretion to deny issuance of subpoenas on request in the absence of demonstrably oppressive use of process.[1] *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997). Thus,

IT IS HEREBY **ORDERED** that the Motion [#147] is **GRANTED**.

Due to Plaintiff's status as an incarcerated individual,

IT IS FURTHER **ORDERED** that the United States Marshal shall serve the subpoena attached to this Order,[2] along with a copy of this Order. See Motion [#147] at 4-6. All costs of service shall be advanced by the United States.

IT IS FURTHER **ORDERED** that the person at whom the subpoena is directed, Anthony Decesaro, may comply with the subpoena: (1) by providing Plaintiff with copies

---

[1] The Court notes that, pursuant to Administrative Regulation 850-04 IV.E.9. and IV.I.1., Plaintiff is entitled to "a free photocopy of each answered grievance for the offender's personal records," and that records of grievances are "available for retrieval on DOCNET." Thus, the subpoena may not be Plaintiff's only method for obtaining copies of the documents he seeks.

[2] The subpoena form completed by Plaintiff is for appearing and testifying at a hearing or trial. It is clear from the Motion and the information provided in the subpoena that Plaintiff actually seeks the production of documents. Because Plaintiff is a pro se litigant, and in the interest of judicial efficiency, the Court has transferred Plaintiff's request to the appropriate subpoena form.

of the requested documents; **OR** (2) by providing Plaintiff with the opportunity to inspect the requested documents at a mutually convenient time and place **on or before December 23, 2013**; **OR** (3) by providing Plaintiff with a sworn statement regarding any of the requested documents that do not exist or that are not in his possession.

IT IS FURTHER **ORDERED**, *sua sponte*, that the discovery deadline is extended to **December 23, 2013** and that the dispositive motions deadline is extended to **January 22, 2014**.

Dated: November 14, 2013          BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge