**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-3004-WJM-KLM

ANTWAN OCIE GATLIN,

    Plaintiff,

v.

STEVE BROWN, SR., Investigator,
JESSICA JARAMILLO, Correctional Officer,
STEVE BROWN, JR., Assistant Warden,
CHAD PENNER, Case Manager,
CHRIS DURGA, Correctional Officer,
PAUL DOSE, Shift Supervisor,
LARRY COX, Chief of Security,
JACK CHAPMAN, Hearings Disciplinary Officer, and
ELLEN HAARMANN, Correctional Counselor,

    Defendants.

---

**ORDER ADOPTING APRIL 4, 2014 RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

    This matter is before the Court on the April 4, 2014 Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 167) that Defendants' Motion for Summary Judgment (ECF No. 153) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 167, at 12.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have to date been received.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

In accordance with the foregoing, the Court ORDERS as follows:

(1) The Magistrate Judge's Recommendation (ECF No. 167) is ADOPTED in its entirety;

(2) Defendants' Motion for Summary Judgment (ECF No. 153) is GRANTED;

(3) Plaintiff's Eighth Amendment claim regarding the December 16, 2010 incident is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies; and

(4) Judgment shall enter in favor of Defendants and against Plaintiff with respect to Plaintiff's Eighth Amendment claim regarding the February 9, 2010 incident.  The parties shall bear their own costs.

Dated this 7th day of May, 2014.

BY THE COURT:

William J. Martínez
United States District Judge